In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-2813

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

PASCAL SYLLA,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:13-cr-00151-SEB-TAB-1 — **Sarah Evans Barker**, *Judge.*

ARGUED JUNE 4, 2015 — DECIDED JUNE 25, 2015

Before BAUER, ROVNER, and HAMILTON, *Circuit Judges.*

BAUER, *Circuit Judge.* In December 2010, deoxyribonucleic acid ("DNA") testing linked defendant-appellant, Pascal Sylla, to an attempted bank robbery that occurred on August 1, 2003. Sylla was indicted on July 16, 2013, in connection with that attempted robbery of nearly ten years prior. He moved to dismiss the indictment, claiming that the applicable five-year statute of limitations had run, *see* 18 U.S.C. § 3282(a). The district court denied his motion and Sylla proceeded to trial;

the jury found him guilty. Sylla appeals, arguing that the federal DNA tolling statute, 18 U.S.C. § 3297, is unconstitutional as applied to his case. We reject Sylla's constitutional challenge and affirm his conviction.

## I. BACKGROUND

On August 1, 2003, an armed man wearing dark clothing and a ski mask entered the Madison County Federal Credit Union in Anderson, Indiana. He ordered the only customer in the credit union at the time, Ray Novak, to get down on the ground. The robber then leapt over the middle of three teller windows, pointed his semi-automatic pistol at the lead bank teller, and announced that he was robbing the bank. At that moment, Novak, who also happened to be the Assistant Chief of Police for the Anderson Police Department, was very concerned for the tellers' safety. He rose from the ground, drew his five-shot revolver, announced that he was police and ordered the robber to surrender. The robber refused to stand down and a gunfight ensued. Novak fired three shots, one of which struck the robber, causing him to bleed. The robber returned fire. Novak, running low on ammunition at this point, left the credit union in an attempt to retrieve another gun, more ammunition, and a police radio from his unmarked police car parked outside. The robber pursued Novak, fired another shot in his direction, and then fled the scene.

After backup arrived, law enforcement canvassed the area, including area hospitals, for evidence of an individual receiving treatment for wounds resembling those sustained in gunfire. Despite these efforts, the robber went unapprehended.

Meanwhile, back at the crime scene, Steven First, the laboratory director at the Anderson Police Department Laboratory, collected a Madison County Federal Credit Union receipt covered with fresh blood. The receipt was found in a trash can behind teller window one, where the robber had been positioned during the shootout. First considered the blood on the receipt to be an exceptionally good specimen since it had not been on the floor, stepped on, or otherwise mixed with other evidence at the scene. Anderson police sent the blood-covered receipt to the Indiana State Police Laboratory for DNA analysis. A single source DNA profile was created from the evidence; no suspect was matched to the DNA profile and the case went cold.

Things heated up again on December 27, 2010, when the Indiana State Police Laboratory sent a formal DNA analysis report to the Anderson Police Department. The report stated that there had been a "hit" in the Combined DNA Index System ("CODIS") and that the previously unidentified DNA from the blood-spattered bank receipt matched to Pascal Sylla, whose DNA had been entered into CODIS by the Bureau of Prisons after he pleaded guilty to a federal bank robbery charge in 2006. In March 2011, the Indiana State Police Laboratory confirmed the CODIS match by comparing a DNA sample recovered from Sylla via buccal (cheek) swab with the sample lifted from the bloodied bank receipt.

A two-count indictment issued on July 16, 2013, charging Sylla with attempted bank robbery in violation of 18 U.S.C. §§ 2113(a), 2113(d), and 3297, and discharging a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), 924(a)(1)(C)(i), and 3297. Sylla moved to dismiss the indict-

ment, as previously stated, and argued, the pre-indictment delay violated his Fifth Amendment due process rights.[1] The district court denied his motion, holding Sylla's arguments foreclosed by our decision in *United States v. Hagler*, 700 F.3d 1091 (7th Cir. 2012). After the jury found him guilty of both counts, the district court sentenced him to 420 months' imprisonment. This appeal followed.

## II. DISCUSSION

Sylla contends that the federal tolling statute, 18 U.S.C. § 3297, is unconstitutionally vague as applied to his case. We review the constitutionality of a statute, a question of law, *de novo*. *Hegwood v. City of Eau Claire*, 676 F.3d 600, 603 (7th Cir. 2012).

In 2004, Congress enacted 18 U.S.C. § 3297 as part of the Justice for All Act, Pub. L. 180–405, § 204, 118 Stat. 2260, 2271. Section 3297 provides:

> In a case in which DNA testing implicates an identified person in the commission of a felony, no statute of limitations that would otherwise preclude prosecution of the offense shall preclude such prosecution until a period of time following the implication of the person by DNA testing has elapsed that is equal to the otherwise applicable limitation period.

We first interpreted § 3297 in *Hagler*, where DNA analysis conducted in 2008 identified the defendant in a then-unsolved

---

[1] Sylla does not argue on appeal that the pre-indictment delay violated his due process rights.

attempted bank robbery that was committed in 2000. 700 F.3d at 1095–96. Hagler was indicted in 2010, nearly ten years after the attempted bank robbery occurred. *Id.* at 1096. Following his conviction, Hagler appealed, contending that he was charged outside of the five-year limitations period applicable to bank robbery under 18 U.S.C. § 3282(a). *Id.* We determined that § 3297 extends the otherwise applicable limitations period so that it begins to run at the moment when DNA evidence "implicates" someone in the crime, *i.e.*, "matches to a single, identifiable person." *Id.* at 1097–98. Because the government indicted Hagler in 2010, well within five years (the otherwise applicable limitation period) of the DNA testing in 2008 that implicated him in the attempted bank robbery, we held Hagler's prosecution to be timely. *Id.* We also rejected the void-for-vagueness argument that Hagler raised in a footnote, holding that "§ 3297 is perfectly susceptible to reasoned interpretation." *Id.* at 1098. With these principles in mind, we now turn to Sylla's challenge to the constitutionality of § 3297.

As an initial matter, we note that Sylla's vagueness challenge does not fit neatly within the void-for-vagueness doctrine. To satisfy due process, the doctrine's underlying concern, "a penal statute [must] define the criminal offense [1] with sufficient definiteness that ordinary people can understand what conduct is prohibited and [2] in a manner that does not encourage arbitrary and discriminatory enforcement." *Skilling v. United States*, 561 U.S. 358, 402–03 (2010) (alterations in original) (internal quotations omitted). A statute that does not provide "fair notice" of what "conduct is forbidden" or "is so indefinite that it encourages arbitrary and erratic arrests and convictions" is deemed void for vagueness. *Colautti v. Franklin*,

439 U.S. 379, 390 (1979) (internal quotations omitted). The statutory provision at issue here, § 3297, does not attempt to prohibit or prescribe any conduct, making the type of notice that the vagueness doctrine seeks to ensure rather irrelevant. *See United States v. Brierton*, 165 F.3d 1133, 1139 (7th Cir. 1999) ("[T]he vagueness doctrine presumes a law that attempts to proscribe or prescribe conduct."); *see also United States v. Tichenor*, 683 F.3d 358, 365 (7th Cir. 2012).  Furthermore, § 3297 is not so vague as to encourage the arbitrary and discriminatory enforcement that the vagueness doctrine seeks to protect against. Rather than "permit a standardless sweep that allows policemen, prosecutors, and juries to pursue their personal predilections," *Kolender v. Lawson*, 461 U.S. 352, 358 (1983) (internal quotations omitted), the provision operates only where DNA testing matches an individual with a crime. In this case, that match occurred by virtue of CODIS, a federal DNA testing system that functions automatically, comparing compilations of DNA profiles in search of a match. Sylla has not shown, nor is there any reason to suspect, that CODIS operates in a manner that permits the sort of arbitrary and discriminatory enforcement that the vagueness doctrine proscribes.

At any rate, even assuming the vagueness doctrine applies to § 3297, Sylla's vagueness challenge cannot prevail because application of that provision to his case is sufficiently straightforward. On December 27, 2010, DNA evidence "implicated" Sylla as the masked man who attempted to rob the Madison County Federal Credit Union on August 1, 2003. Ordinarily, the five-year statute of limitations applicable to bank robbery under § 3282(a) would have expired on August 1, 2008;

however, pursuant to § 3297's plain and unambiguous terms, the DNA match on December 27, 2010, extended the limitations period for an additional five years from that date. The government indicted Sylla on July 16, 2013, well within this five-year window.

Plainly stated, there is nothing vague about § 3297 as applied to this case. Although it is possible to envision a situation where § 3297's tolling effect works to materially prejudice a defendant's ability to put on a defense, Sylla has not identified any such prejudice that occurred in his case. Accordingly, we reject Sylla's constitutional challenge to § 3297.

### III. CONCLUSION

For the aforementioned reasons, Sylla's conviction is AFFIRMED.